IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SOLAN HOLDING, BV, SYNEXXUS COMPOSITES, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GREGORY GLAROS, SYNEXXUS INC., et al., <br><br> Defendants. | Case No.: 1:22-cv-00786 |

**DEFENDANT GLAROS'S OMNIBUS MOTIONS *IN LIMINE***

Defendant Gregory Glaros requests a pretrial ruling excluding certain evidence and further moves *in limine* before the *voir dire* examination of the jury panel has begun, before any opening statements are made to the jury, and before the introduction of any evidence, for an Order instructing Plaintiff Solan Holding, BV (Solan), all its witnesses, and its counsel to refrain from making any mention through interrogation, opening statements, presentation of evidence or otherwise, either directly or indirectly, concerning any of the matters set forth below.

1. **Solan should not be permitted to make arguments based on allegations outside the Complaint.**

The Court should exclude Solan from making any references to, or arguments based upon, allegations and/or theories not contained in its Complaint. It is axiomatic that a plaintiff's claims are limited in scope to the allegations and causes of action set forth in the complaint. *See, e.g.*, *Burden v. SYR Mgmt. Servs.*, No. 2:10-cv-345, 2010 WL 11566052, at *1 (E.D. Va. Oct. 15, 2010) ("[T]he Complaint is the document that sets forth the scope of Plaintiff's claims.").

1

Here, Solan's Complaint makes clear that the fraud allegations in this action are concerned with Synexxus Composites, LLC's (Composites) ability to design and build the vessel for India under the India Contract. (*See* Compl. ¶¶ 35, 47, 53, 64–65, 170–72, 177–80, 183, 193, 202, 211, ECF No. 1.) And their fraud and misrepresentation claims are based on the alleged actions of *Glaros* that induced *Solan* to provide funding for Composites with respect to the *India Contract*. (*Id.* ¶¶ 177, 180, 188–90, 196, 199, 203, 205, 208.) Moreover, Solan itself alleged that the M Ship Co. Patents are the purportedly necessary "intellectual property" to perform under the India Contract. (*Id.* ¶¶ 32, 182, 191–92, 201–02, 209–11.)[1]

Yet despite the inherent limitations of the claims it chose to bring and plead, Solan has demonstrated a propensity for raising arguments and allegations that go beyond their outer limits. For example, in opposing Defendants' Motion for Partial Summary Judgment, Solan contended that it was investing in Composites for not just the India Contract, but also the prospect of other contracts with countries like Kuwait and Qatar as well as more vessels for India. (*See* Pls.' Mem. in Opp'n to Defs.' Mot. for Partial Summ. J. (Pls.' MSJ Opp'n) at 1–2, 5, 9–10, ECF No. 140.) Solan raised a similar argument in seeking third-party discovery. (*See* Pls.' Reply in Supp. of Mot. to Compel at 2–4, ECF No. 92.) Notably, Solan had based this request for third-party discovery in part on purported representations made by Glaros to third parties, but not Solan, in 2020. (*See* Pls.' Br. in Supp. of Mot. to Compel Discovery from Admiral Miller at 5–6, ECF No. 72; Pls.' Br. in Supp. of Mot. to Compel Discovery from Caitlin Miller at 6–7, ECF No. 74.) And Solan has also recently attempted to expand the definition of the intellectual property at the center of their claims, i.e., the M Ship Co. Patents, by now claiming that it is not just the eight patents that were necessary,

---

[1] As Glaros asserted in his Motion for Summary Judgment, which Solan did not refute, the M Ship Co. Patents, as defined by Solan, are limited to the eight patents identified in Dr. Falls' report. (Defs.' Mot. for Partial Summ. J. (Defs.' MSJ) at 4–5 (UMF No. 1), ECF No. 137.)

but also "other intellectual property related to Stiletto (including, but not limited to, line and architectural drawings and engineering drawings)." (*See* Pls.' MSJ Opp'n 1–2.)

Solan has also demonstrated a propensity for attempting to rely on evidence not related to its claims. For example, in opposing summary judgment, Solan referenced several instances (and attached documents regarding the same) of Glaros purportedly making representations to other entities and individuals—but not Solan. (Pls.' MSJ Opp'n 9–10.) Because this evidence has nothing to do with Solan's claims, it is not relevant. *See* Fed. R. Evid. 401, 402. Not only are these arguments irrelevant, then, but reference to or introduction of any evidence purportedly in support of the arguments is also improper.

In short, the law is clear that a plaintiff is confined to the boundaries of the allegations and claims in its complaint. And here, Solan has demonstrated on multiple occasions that it is willing to reference evidence and make arguments in support of its overall claim that go well beyond any allegation in their pleading. Accordingly, the Court should enter an Order precluding Solan from making reference to, arguments based upon, or introducing evidence purportedly in support of allegations outside the Complaint. *See* Fed. R. Evid. 401, 402; *also Burden*, 2010 WL 11566052, at *1.

**2.     Solan should be not be permitted to argue to the jury any positions or claims that are wholly lacking in factual and evidentiary support.**

Solan should not be permitted to make claims, arguments, or allegations that are completely devoid of factual and evidentiary support. *See, e.g.*, *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) ("It is the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.").

Solan's approach during this litigation leads to the expectation that it will nonetheless attempt to advance arguments and theories that are completely devoid of factual support. For

3

example, in its summary judgment opposition, Solan claimed that Glaros forged an Integrity Pact Bank Guarantee (IPBG) and thus falsely procured the India Contract. (Pls.' MSJ Opp'n 2, 5, & 5 n.2.) Yet as Glaros pointed out, Solan served requests for admission on the very same topic, and Glaros expressly denied these allegations. (Defs.' Reply in Supp. of Mot. for Partial Summ. J. ("Defs.' MSJ Reply") at 8, ECF No. 142); *also* Glaros's Responses to Pls.' First Set of Req. for Admission, attached as **Ex. A**. Without further evidence, which Solan has not presented, it cannot make to the jury the purely speculative argument that Glaros "forged" the IPBG and "falsely procured" the India Contract.

Solan has also repeatedly made the unsupported assertion that the U.S. Navy does not own the Stiletto. (*E.g.*, Pls.' MSJ Opp'n 7.) Regardless of what Solan seeks to gain by making this assertion, it is categorically false—the U.S. Navy owns the Stiletto. *See, e.g.*, Deposition of Bill Burns 55:5–9, 57:22–58:7, 65:11–21, 69:14–21, attached as **Ex. B**; Answer to Kerschbaumer Question No. 5 (Nov. 3, 2021), attached as **Ex. C**; CRADA Art. 2 (noting that the "Navy vessel STILETTO" was "[b]uilt in 2006 by the Secretary of Defense, Office of Force Transformation"), attached as **Ex. D**. Solan should thus not be permitted to tell the jury that the U.S. Navy does not own the Stiletto.

Likewise, Solan contends that the CRADA between Synexxus, Inc. and the U.S. Navy is not valid. (*See* Pls.' MSJ Opp'n 6–7.) But Solan has not offered any evidence to support this patently incorrect assertion. Solan should thus not be permitted to tell the jury that the validity of the CRADA between Synexxus and the Navy is disputed, let alone that it is invalid.

Finally, while Glaros does not dispute that Solan provided funding—in the form of bank guarantees—to aid in the performance of the India Contract, (*see* Defs.' MSJ at 9 (UMF No. 28)); see also Answer to Kerschbaumer Question Nos. 7, 8 (Nov. 3, 2021), Glaros does dispute any

4

assertion that he has possession of said funds. Solan contends that Glaros defrauded it in order to "swindle Plaintiffs out of millions." (Pls.' MSJ Opp'n 6.) But they have no evidence that Glaros has possession of the funding Solan provided in connection with the India Contract, which is not surprising, because neither Glaros nor Synexxus has this money. Rather, India does. Accordingly, Solan should not be permitted to tell the jury, without any actual support, that Glaros has possession of the funding Solan provided.

In addition to being factually unsupported and thus inadmissible, mention of any of the above examples to the jury would be unfairly prejudicial to Glaros. *See* Fed. R. Evid. 403.

**3.    Solan should not be permitted to reference any allegation, argument, or evidence related to claims that have been dismissed by the Court or resolved by the parties.**

The Complaint contains 11 causes of action. Three of those causes of action—count 5 for defamation *per se*, count 7 for breach of employment contract, and count 8 for failure to pay wages—have been resolved by a settlement between the parties and will be voluntarily dismissed with prejudice. Similarly, all claims against Burns have been resolved by a settlement between the parties and will be voluntarily dismissed with prejudice. Additionally, the Court granted summary judgment on four other causes of action—count 6 for civil conspiracy, count 9 for conversion, count 10 for unjust enrichment, and count 11 for misappropriation and waste. (*See* Order, ECF No. 146.)

Solan should not be permitted to make reference to or introduce arguments or evidence regarding any of Glaros's alleged actions that were the basis for these settled and/or dismissed claims, as the evidence is not relevant and would only lead to jury confusion and unfair prejudice to Glaros. *See Kelly v. Town of Abingdon*, No. 1:19-cv-32, 2021 WL 4314591, at *2 (W.D. Va. Sept. 22, 2021) (granting the defendant's motion *in limine* "to the extent that the plaintiff seeks to reference specific legal causes of action which have been previously dismissed"); *Young v. Lacy*,

5

No. 1:17-cv-3633, 2020 WL 1677406, at *8 (S.D. W. Va. Apr. 6, 2020) (granting motion *in limine*, reasoning that "neither party may present testimony or evidence regarding dismissed claims or claims against dismissed parties, as introduction of such evidence is not relevant and likely to confuse the jury"). For example, Solan should not be permitted to allege or argue that Glaros defamed Coughlin or breached any employment contract. (Compl. ¶¶ 212–21, 228–43 (Counts 5, 7, 8).) It should not be permitted to argue that Glaros and Burns conspired to commit fraud. (*Id.* ¶¶ 222–27 (Count 6).) It should not be permitted to allege or argue that Glaros engaged in any financial improprieties. (*Id.* ¶¶ 244–67 (Counts 9, 10, 11).)

Because these claims have been settled or dismissed by the Court, they are not relevant to Solan's remaining causes of action for fraud and misrepresentation, and thus they are inadmissible. *See* Fed. R. Evid. 401, 402, 403; *Kelly*, 2021 WL 4314591, at *2; *Young*, 2020 WL 1677406, at *8.

**4.  References to Burns, Synexxus, Inc., Coughlin, or Composites' previous status as parties should not be permitted.**

Burns will still testify in his capacity as a fact and expert witness. Any reference to his previous status as a defendant in this action is not relevant and serves no purpose other than to confuse and mislead the jury and unfairly prejudice Glaros. The same holds true for any reference to Synexxus, Inc.'s previous status as a defendant. Accordingly, Solan should not be permitted to make reference, before the jury, to the fact that they alleged claims against Burns and Synexxus, Inc. *See* Fed. R. Evid. 401, 402, 403; *Young*, 2020 WL 1677406, at *8.

To be sure, it is anticipated that Coughlin will also testify, and references to Composites will undoubtedly occur during the trial. To that end, Glaros indicates that neither he nor his counsel nor his witnesses will make reference to Coughlin's or Composites' previous status as plaintiffs in this action, so as to not unfairly prejudice Solan in the same manner.

6

**5.    Solan should not be permitted to reference the Maryland Action.**

Likewise, as the Court is aware, there is a pending action in Maryland state court between the same parties, which concerns Solan's allegations that it owns a majority share of Composites. To be sure, that allegation has not been borne out and is not supported by evidence, and as explained below, it should not be referenced. But regardless, there is no purpose for Solan to make reference to the Maryland Action before the jury, other than to confuse the jury and unfairly prejudice Glaros. *See* Fed. R. Evid. 403. Accordingly, Solan should not be permitted to make reference, before the jury, of the fact that there is a pending action in Maryland where it is the plaintiff and Glaros, Synexxus, Inc., and Composites are defendants.[2]

**6.    Any reference to pretrial disputes, including discovery disputes, is not relevant and would be unfairly prejudicial.**

As the Court is aware, this litigation substantively ensued with Solan filing a motion for a temporary restraining order and a preliminary injunction. (*See* Pls.' Emergency Mot. for Temporary Restraining Order & Preliminary Injunction (Sept. 12, 2022), ECF Nos. 5, 6.) The Court denied both motions. (*See* Order, ECF No. 24 (denying motion for temporary restraining order); Order, ECF No. 35 (denying motion for preliminary injunction).)

As discovery closed, Solan also initiated multiple discovery disputes—both as to third parties but also, and primarily, with respect to Defendants' responses to their requests for production. (*See generally* Mots. to Compel Testimony and Discovery from Defendants, ECF Nos. 105, 108, 111; Mots. to Compel Discovery from Third Parties, ECF Nos. 68, 70, 72, 74, 76, 119.) Those disputes have been resolved, and discovery is over. Accordingly, the existence of such disputes are not relevant to the issues before the jury, and Solan should not be permitted to make

---

[2] As with MIL No. 3, Glaros indicates that he will not make reference to the Maryland Action either.

7

reference to them. *See* Fed. R. Evid. 401, 402; *also In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-md-2836, 2023 WL 4155408, at *2 (E.D. Va. Mar. 31, 2023) ("The existence of a dispute over discovery—by itself—is not likely relevant to any fact at issue in the case.")[3]. Indeed, the only purpose such reference could serve would be to unfairly prejudice Glaros at trial. *See* Fed. R. Evid. 403. But such a reference is, again, not relevant and in any event would by unfairly prejudicial and thus improper. *See* Fed. R. Evid. 401, 402, 403.

Dated: July 14, 2023                                                          Respectfully submitted,

By:    /s/ _____
Jason R. Hodge (VSB No. 90793)
*Attorney for Defendants Gregory E. Glaros, Synexxus Inc., & William Burns*
NELSON MULLINS RILEY & SCARBOROUGH LLP
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone: (804) 533-3891
Facsimile: (804) 616-4129
jason.hodge@nelsonmullins.com

Matthew S. Sturtz (admitted *pro hac vice*)
*Attorney for Defendants Gregory E. Glaros, Synexxus Inc., & William Burns*
NELSON MULLINS RILEY & SCARBOROUGH LLP
100 S. Charles Street, Suite 1600
Baltimore, Maryland 21201
Phone: (443) 392-9400
Facsimile: (443) 392-9499
matt.sturtz@nelsonmullins.com

---

[3] The *In re Zetia* court did deny this motion in limine without prejudice, based on previous discovery rulings specific to that case, which were "resolved in favor of contemporaneous objection at trial," which the court reasoned "may make matters raised in the prior disputes relevant and that relevance will have to be evaluated on a case-by-case basis." *Id.* at *2. No such rulings exist in this action, however.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

/s/
Jason R. Hodge (VSB No. 90793)
*Attorney for Defendants Gregory E. Glaros, Synexxus Inc., & William Burns*
NELSON MULLINS RILEY &
SCARBOROUGH LLP
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone: (804) 533-3891
Facsimile: (804) 616-4129
jason.hodge@nelsonmullins.com